**Opinion filed June 8, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00133-CR
_____

## JAMES TODD ADAMS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-41,084**

## M E M O R A N D U M   O P I N I O N

James Todd Adams appeals his two jury convictions for the offenses of sexual assault of a child. The jury assessed Appellant's punishment at confinement for a term of ten years in the Institutional Division of the Texas Department of Criminal Justice on the first count and for a term of fifteen years on the second count. The trial court ordered that both sentences are to run consecutively. On appeal, Appellant presents a single issue alleging that the prosecutor made an improper jury argument at the end of the punishment phase. We affirm.

*Background Facts*

Appellant was charged in a two-count indictment with committing two acts of sexual assault on J.E.D., a child younger than seventeen, on or about May 6, 2012. Count One alleged an act of digital penetration, and Count Two alleged an act of penile penetration. J.E.D. was nineteen at the time of trial in 2015, and she lived in Odessa. When J.E.D. was younger, she and her mother moved in with Appellant and his family in East Texas. J.E.D. testified that she and Appellant began having sexual intercourse on an almost daily basis at his home in East Texas, starting in October 2008 when she was thirteen and Appellant was thirty-two. At some point, Appellant was investigated in East Texas for having inappropriate relations with J.E.D. She testified that she initially lied about Appellant's conduct with her.

J.E.D. moved to Odessa in an effort to get away from Appellant. Appellant subsequently contacted her in the spring of 2012 while she was living in Odessa. She was sixteen at the time. Appellant and an adult female traveled from East Texas to Odessa sometime around May 6, 2012, to meet with J.E.D. J.E.D. met the couple at the mall in Odessa. After spending time shopping, dining, and watching a movie with the couple, J.E.D. eventually accompanied them to a motel room where Appellant engaged in various sex acts with both J.E.D. and the adult female. When the adult female transported J.E.D. in Appellant's vehicle back to J.E.D.'s home the next morning, J.E.D.'s father recognized the vehicle as belonging to Appellant.

*Analysis*

In a single issue on appeal, Appellant contends that the prosecutor made an improper jury argument at the close of the punishment phase. The challenged argument occurred during the State's initial closing argument when the prosecutor stated: "A lot of times we have cases with two counts and juries want to know, do -- does the time run concurrently or does it get stacked? That is not a question that we can answer for you, okay. So don't worry about it." However, Appellant did not

object to this argument. The State contends that Appellant has waived any complaint of improper jury argument in the absence of an objection at trial. We agree.

Generally, to preserve error for an improper jury argument, a defendant should (1) contemporaneously object to the statement, (2) request an instruction that the jury disregard the statement if the objection is sustained, and (3) move for a mistrial if the request for an instruction is granted. *Cooks v. State*, 844 S.W.2d 697, 727–28 (Tex. Crim. App. 1992). "[A] defendant's failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996); *see Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (failure to object to an allegedly "manifestly improper" jury argument forfeits the right to raise the issue on appeal). Because Appellant did not object at trial to the argument that he claims was improper, he has not preserved his sole appellate issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *Cockrell*, 933 S.W.2d at 89; *Cooks*, 844 S.W.2d at 727–28. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY
JUSTICE

June 8, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3